JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney
BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division
NATALIE K. WIGHT (ORSBN 35576)
Special Assistant United States Attorney
    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.6937
    Facsimile: 415.436.7234
    Email: natalie.wight@usdoj.gov

Attorneys for Plaintiff

STANFORD H. ATWOOD, JR. (CSBN 37362)
ATWOOD & ASSOCIATES
    750 University Avenue, Suite 130
    Los Gatos, California 95032
    Telephone: 408.395.5503
    Facsimile: 408.395.5519
    Email: stanford@atwoodlaw.net
JOHN J. JACKSON, III, *PRO HAC VICE* (DCBN 432019)
    3240 S. I-10 Service Road W., Suite 200
    Metairie, LA 70001
    Telephone: 504.837.1233
    Facsimile: 504.837.1145
    Email: jjw-no@att.net

Attorneys for Claimant, William Pritchard

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-CV-2443-SI |
|     Plaintiff, | ) | |
| v. | ) | MOTION TO DISMISS AND [PROPOSED] ORDER |
| ONE SPORT-HUNTED LEOPARD TROPHY | ) | |
|     Defendant. | ) | |
| WILLIAM PRITCHARD, | ) | |
|     Claimant. | ) | |

The United States and the Claimant, William Pritchard, by and through his counsel, John J. Jackson, III, have executed the attached Settlement Agreement. Pursuant to the Agreement and Fed. R. Civ. P. 41(a)(2), the Government now moves to dismiss the Complaint in this forfeiture action, without prejudice. Both parties agree to this Court's retention of jurisdiction, to enforce the Settlement Agreement and to re-open the case if necessary, as explicitly reserved in the Order of Dismissal. <u>Kokkonen v. Guardian Life Ins.</u>, 511 U.S. 375, 378 (1994).

RESPECTFULLY STIPULATED AND SUBMITTED BY:

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: MARCH 11, 2010

/S
NATALIE K. WIGHT
Special Assistant United States Attorney

DATED: MARCH 11, 2010

/S
JOHN J. JACKSON, III
Attorney for Claimant William Pritchard

[PROPOSED] ORDER OF DISMISSAL

UPON CONSIDERATION of the Motion to Dismiss and the attached Settlement Agreement, the entire record, and for good cause shown, it is by the Court ORDERED, ADJUDGED AND DECREED that:

(1) the Complaint for Forfeiture against One Sport-Hunted Leopard Trophy is hereby DISMISSED without prejudice; and

(2) all parties have agreed that this Court will retain jurisdiction to enforce the Settlement Agreement and to re-open the case, if necessary.

IT IS SO ORDERED.

Dated:_____

HONORABLE SUSAN ILLSTON
United States District Judge

Motion to Dismiss and Order
No. 09-CV-02443-SI                          2

JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney
BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division
NATALIE K. WIGHT (ORSBN 35576)
Special Assistant United States Attorney
 450 Golden Gate Avenue, 11th Floor
 San Francisco, CA 94102
 Telephone: 415.436.6937
 Facsimile: 415.436.7234
 Email: natalie.wight@usdoj.gov

Attorneys for Plaintiff

STANFORD H. ATWOOD, JR. (CSBN 37362)
ATWOOD & ASSOCIATES
 750 University Avenue, Suite 130
 Los Gatos, California 95032
 Telephone: 408.395.5503
 Facsimile: 408.395.5519
 Email: stanford@atwoodlaw.net
JOHN J. JACKSON, III, *PRO HAC VICE* (DCBN 432019)
 3240 S. I-10 Service Road W., Suite 200
 Metairie, LA 70001
 Telephone: 504.837.1233
 Facsimile: 504.837.1145
 Email: jjw-no@att.net

Attorneys for Claimant, William Pritchard

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>ONE SPORT-HUNTED LEOPARD TROPHY<br><br>   Defendant.<br><br>WILLIAM PRITCHARD,<br><br>   Claimant. | No. 09-CV-2443-SI<br><br>SETTLEMENT AGREEMENT |

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendant is One Sport-Hunted Leopard Trophy, including the skull ("defendant leopard trophy")." After proper notification and publication was given, the only person who filed a Claim in this action was the claimant William Pritchard. As a result, only claimant Pritchard has a right to defend the defendant leopard trophy. The United States and claimant Pritchard are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement." Plaintiff, United States of America, and Claimant, William Pritchard, through their undersigned counsel, stipulate and agree as follows:

2. After full and open discussion, the parties agree to resolve any and all claims against the defendant leopard trophy, as well as any claims against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice and the United States Department of the Interior, arising out the seizure of defendant leopard and the facts alleged in the Complaint for Forfeiture filed in this lawsuit on June 2, 2009.

3. The parties agree that the resolution of this matter is based solely on the terms stated in this settlement agreement. It is expressly understood that this agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this agreement. This agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this agreement in lieu of continued protracted litigation and District Court adjudication.

4. The parties further agree that this settlement agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

//

//

Settlement Agreement

5. The parties agree that claimant Pritchard releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the seizure of defendant leopard and the allegations in plaintiff's Complaint for Forfeiture, filed on June 2, 2009.

6. In order to resolve this case without the expense of further litigation, the parties have agreed that the defendant leopard trophy shall be returned to claimant William Pritchard, and within six months from the date that the United States Fish and Wildlife Service or the United States Marshals Service notifies claimant Pritchard that the leopard trophy has been released to his custody and is available for his collection, claimant Pritchard agrees to voluntarily donate the leopard trophy to a university or other educational institution. Claimant Pritchard must seek and receive concurrence from the undersigned government counsel of the selected university or educational institution, before donating the leopard trophy to the intended recipient.

7. In exchange for claimant's agreement with the United States to voluntarily donate the leopard trophy to approved university or educational institution within the six months following the notification of release of the leopard trophy to him, the United States agrees to move to dismiss the instant action against the defendant trophy without prejudice. The terms of this settlement agreement shall be in full satisfaction of any and all claims by William Pritchard, his heirs, representatives and assignees to the Defendant leopard trophy.

8. Claimant Pritchard shall hold harmless the United States, including its agents, officers, representatives and employees, as well as any and all state and local law enforcement officials, for any and all acts directly or indirectly related to the seizure of defendant leopard trophy and the facts alleged in the Complaint for Forfeiture filed on June 2, 2009.

9. The United States and claimant Pritchard agree that each party shall pay their own attorneys' fees and costs.

//

//

Settlement Agreement

10. Based on the foregoing, the parties agree that the Court shall dismiss this action without prejudice.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 2 day of March, 2010

_____
NATALIE K. WIGHT
Special Assistant United States Attorney

Dated: 26 day of February, 2010

_____
JOHN J. JACKSON, III
Attorney for Claimant William Pritchard

Dated: 24 day of February, 2010

_____
WILLIAM PRITCHARD
Claimant

Settlement Agreement